# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| STATE OF TEXAS, ET AL. § <br> § <br> v. § <br> § <br> NATHAN EARL BURGESS § <br> § | Civil Action No. 4:18-CV-409 <br> (Judge Mazzant/Judge Nowak) |

## MEMORANDUM ADOPTING REPORT AND
## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On September 4, 2018, the report of the Magistrate Judge (Dkt. #4) was entered containing proposed findings of fact and recommendations that Defendant Nathan Earl Burgess's cases be remanded. Having received the report of the Magistrate Judge, having considered Defendant's Objections (Dkt. #6), and having conducted a de novo review, the Court is of the opinion that the Magistrate Judge's report should be adopted.

### RELEVANT BACKGROUND

The underlying facts of this case have been set forth previously; as such, the Court sets forth only those facts pertinent to Defendant's objections.

On June 8, 2018, Defendant Nathan Earl Burgess sought to remove two state criminal cases, Case No. 002-86625-2012 and Case 003- 82381-2018, to the Eastern District of Texas [Dkt. 1]. On June 12, 2018, the Clerk's Office notified Defendant that his removal was deficient for his failure to pay the requisite filing fee or submit a motion to proceed *in forma pauperis* and his failure to provide the information required under Local Rule CV-81(c). In addition to such notification, on August 3, 2018, the Court further entered an Order, directing Defendant to: (1) either pay the requisite filing fee or submit a request to proceed *in forma pauperis*; and

(2) supplement his Notice of Removal pursuant to Local Rule CV-81 (Dkt. #3). In the August 3 Order, the Court specifically cautioned Defendant that failure to comply with the Order would result in a recommendation of "remand of this cause to the court from which it was removed."

On August 24, 2018, over thirty days after the Court's August 3 Order, the Magistrate Judge entered a report and recommendation, recommending that "[b]ecause Defendant has neglected to pay the filing fee and comply with the Court's Orders and/or the local rules, the case should be remanded" (Dkt. #4). On September 18, 2018, Defendant filed Objections to such recommendation (Dkt. #6). Notably, to date, Defendant has continued in his failure to pay the required filing fee or supplement his Notice of Removal with all required materials.

## OBJECTIONS TO REPORT AND RECOMMENDATION

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3).

The Report and Recommendation found that Defendant's cases should be remanded because Defendant has failed: (1) to pay the filing fee or file a motion to proceed *in forma pauperis*; and (2) provide the required information and documents under Local Rule CV-81(c). Defendant generally objects to the recommendation made: "I object. . . Does anyone understand that term here? I object. . . I object. . ." and further asserts three more specific objections to the recommendation that his criminal cases be remanded. First, Defendant objects that the Report and Recommendation was clearly unconstitutional and entered in violation of his due process rights because he never agreed to proceed before the Magistrate Judge (Dkt. #6 at pp. 2–3). Second, Defendant objects that the Magistrate Judge did not act quickly enough in recommending that his cases be remanded after learning of the removal deficiencies. Third, Defendant asserts that the

2

Magistrate Judge should have recommended that his notice of removal be stricken, and his case dismissed, rather than recommend that Defendant's criminal cases be remanded.

*Referral to Magistrate Judge*

Defendant first argues that the Magistrate Judge was not authorized to recommend remand of his criminal cases, and specifically asserts that he "do[es] not agree that having an unconstitutionally appointed Federal [M]agistrate [Judge] review the case, or a clerk for the [M]agistrate [Judge] review the case, then write their review of the case and report and recommend the disposition of the case" (Dkt. #6 at p. 2). "[A full Article III] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except [certain dispositive motions]." 28 U.S.C. § 636(b)(1)(A).

Defendant is mistaken in his objection. In the Fifth Circuit, magistrate judges may recommend remand of removed cases referred by the District Judge for consideration and/or a recommended disposition, including state criminal proceedings, pursuant to § 636. *See Robinson v. Texas*, 4:18-CV-66, 2018 WL 4057192, at *1 (E.D. Tex. Aug. 27, 2018) (Mazzant, J.) ("Further, the Magistrate Judge recommended that the Court *sua sponte* remand Robinson's underlying divorce proceeding to the 211th Judicial District Court, Denton County, Texas."); *Texas v. Blakely*, 3:17-CV-1055-B-BN, 2017 WL 2069167, at *1 (N.D. Tex. Apr. 21, 2017), *report and recommendation adopted,* 3:17-CV-1055-B, 2017 WL 2021508 (N.D. Tex. May 12, 2017) (recommending *sua sponte* remand of state criminal prosecution); *State of Texas v. Searcy*, 3:15-CV-02668-O, 2015 WL 5882014, at *1 (N.D. Tex. Oct. 5, 2015) (same).

On June 12, 2018, the undersigned referred this matter to the Magistrate Judge for pretrial proceedings (Dkt. #2-1). On September 4, 2018, the Magistrate Judge recommended that Defendant's criminal cases be remanded (Dkt. #4). The Magistrate Judge acted within the bounds

3

of statutory authority in making such recommendation for consideration by the undersigned. *See Robinson*, 2018 WL 4057192, at *2. Defendant's objection is overruled.

*Timing of the Report and Recommendation*

Defendant next objects that "[t]he magistrate judge did not make an immediate (prompt) summary remand based on the limited window of time allowed for these removal motions," and complains that, "[b]y ordering filing fees and/or a pauper's affidavit rather than remanding the case to the lower court immediately as the rule states, the [M]agistrate [Judge] in effect has interfered with the justice of the cases before her, whether her referral was right or wrong" (Dkt. #6 at p. 20). Specifically, Defendant proposes that the Magistrate Judge's review of Defendant's Notice of Removal "would have taken 15 to 30 minutes. . . based on her knowledge, [i]ntellect, and experience, and it is proposed that her court clerk looked at the document as well, who could have also made Magistrate Nowak aware that the notice wasn't sufficient and needed to be remanded back to the lower court" (Dkt #6 at p. 22).

To reiterate, Defendant removed his criminal cases on June 8, 2018 (Dkt. #1), without paying the filing fee or moving to proceed *in forma pauperis*, and without providing the information and/or documentation required by Local Rule CV-81. On June 12, 2018, the Clerk's Office notified Defendant of the various deficiencies with his Notice of Removal. On August 3, 2018, the Court reminded Defendant of his obligation to correct the previously noted deficiencies before the Court could proceed with this matter, and further cautioned Defendant that should he fail to correct such deficiencies, the Court may recommend his criminal cases be remanded (Dkt. #3). After giving Defendant multiple opportunities to remedy the deficiencies in his removal due to his status as a *pro se* litigant, the Magistrate Judge entered a Report and Recommendation, recommending that Defendant's criminal cases be remanded for Defendant's failure to comply

with the Court's directives to supplement his Notice of Removal and either pay his filing fee or request permission to proceed *in forma pauperis* (Dkt. #4). The record clearly demonstrates that the Magistrate Judge took numerous precautions to adequately allow Defendant's Notice of Removal to proceed before the Court (*see docket generally*). Notably, Defendant acknowledges the deficiencies in his Notice of Removal, and to date, has failed to correct such deficiencies (Dkt. #6 at p. 16) ("I accepted and was aware of the alleged deficiencies."). Also, contrary to Defendant's contention, there is no time constraint on the Court's ability to remand Defendant's case for his failure to comply with the Local Rules and/or Court orders.[1] Defendant's objection is overruled.

Furthermore, insofar as Defendant objects to the propriety of the entry of the August 3 Order prior to the recommendation for remand, the Court finds such argument to be meritless. The August 3 Order directed Defendant to provide the Court with certain information necessary for its review of whether subject matter jurisdiction was lacking. In seeking further clarification, without deciding, as to the Court's subject matter jurisdiction in the instant matter, the August 3 Order was not entered improperly. *See Deutsche Bank Nat'l Tr. Co. v. Piersall*, 3:15-CV-1782-D, 2015 WL 12743763, at *1–2 (N.D. Tex. Aug. 27, 2015) (remanding matter where Defendant failed to comply with the magistrate judge's orders directing compliance with the court's local rules). Defendant's objection is overruled.

***Recommendation of Remand***

Defendant finally objects to the Court's recommendation that this case be remanded, rather than dismissed (Dkt #6 at p. 17). With respect to remand, the Report and Recommendation stated:

---

[1] Defendant also objects that the Magistrate Judge erred by neglecting to hold an evidentiary hearing prior to entering the Report and Recommendation. Defendant has failed to identify the basis for his assertion that he is entitled to such hearing prior to entry of any recommendation; Defendant's objection is overruled.

> The Court recommends the instant suit be remanded to the state court for failure to pay the fee for removal and comply with the requirements set forth in Local Rule CV-81. In *Deutsche Bank Nat'l Tr. Co. v. Piersall*, the court remanded a case after the defendant failed to pay his filing fee, comply with the court's local rules, and obey the magistrate judge's orders directing compliance. 3:15-CV-1782-D, (E.C.F. No. 9) (N.D. Tex. Sept. 17, 2015) (Fitzwater, J.). In deciding to remand rather than dismiss the action, the court noted: Rule 41(b) clearly applies to a plaintiff's failure to prosecute a case or to comply with the rules or a court order, not to a defendant's failure to do so. In effect, if the court were to. . . dismiss this lawsuit, it would penalize the plaintiff who filed the lawsuit (and who has not been found at fault in any respect) and reward the defendants (who are the parties who failed to comply with the local civil rules of this court and the magistrate judge's order, and who probably improperly removed the case to this court). . . .Here, Defendant has failed to pay his filing fee despite explicit warnings that failure to do so could result in a recommendation of remand. *See id*.

(Dkt. #4 at p. 2). The Court upon review, finds that Defendant's argument that this matter should be dismissed is unpersuasive, and instead finds that the matter should be remanded as is recommended by the Report. The Court will not dismiss Defendant's state criminal proceedings. Defendant's objection is overruled.

## CONCLUSION

Having considered Plaintiff's Objections (Dkt. #6), and having conducted a de novo review, the Court adopts the Magistrate Judge's report (Dkt. #4) as the findings and conclusions of the Court.

It is, therefore, **ORDERED** that Case No. 002-86625-2012 be **REMANDED** to County Court at Law 2, Collin County, Texas, and Case 003-82381-2018 be **REMANDED** to County Court at Law 3, Collin County, Texas.

**IT IS SO ORDERED**.
SIGNED this 1st day of November, 2018.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE